NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RUDY SAMUEL MELSON,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-1192

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00540-EHM, Judge Edward H. Meyers.

---

Decided:  July 19, 2024

---

IKIESHA AL-SHABAZZ, The Crawford Law Firm, PC, Floral Park, NY, argued for plaintiff-appellant.  Also represented by MARK ANTHONY CRAWFORD.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

---

Before DYK, MAYER, and REYNA, *Circuit Judges*.

PER CURIAM.

Dr. Melson sought disability retirement and severance pay benefits in connection with his service in the U.S. Army Reserve ("USAR" or "Army Reserve") and a correction to his records to reflect a medical discharge for physical disability. He appeals from a decision of the Court of Federal Claims ("Claims Court") granting the government's motion for judgment on the administrative record and sustaining the Army Board for Correction of Military Records' determination that he was not entitled to a discharge for physical disability. We *affirm*.

## BACKGROUND

Dr. Melson enlisted in the Army Reserve on September 30, 2002, and completed several periods of active duty training in 2003 and 2004. He had a history of joint pain in his hands and wrists before service, and while on active duty he was treated for hand and wrist pain multiple times. The treatment records generally indicate that there were "no restrictions in his military or personal activity," and that he was "[a]ble to perform all his duties." J.A. 508, 516.[1] On August 23, 2004, Dr. Melson enlisted in the California Army National Guard ("CAARNG") seeking to join the Reserve Officers' Training Corps ("ROTC") / Simultaneous Membership Program ("SMP"). Participants in the ROTC/SMP are simultaneously students in the officer training program and are either assigned to an Army

---

[1]    We ordered supplemental briefing in this case. "J.A." citations refer to the joint appendix filed with the initial round of briefing, *Melson v. United States*, No. 23-1192, ECF No. 26 (Fed. Cir. May 8, 2023), and "S.Appx." citations refer to the supplemental appendix filed with the government's supplemental brief, *id.*, ECF No. 51 (Fed. Cir. May 3, 2024).

Reserve unit or to a National Guard unit during their period in the ROTC program. The same day that Dr. Melson enlisted in the CAARNG, he received an "honorable discharge from the USAR" because he had "request[ed] release from the USAR in order to enlist into the CAARNG" and participate in the ROTC/SMP program. J.A. 211, ¶¶ 11–13 (discussing J.A. 504).

In February 2005, Dr. Melson sought treatment for a "[h]and injury while participating in unit activities (Trojan Games)," which resulted in restrictions on "grasping, pushing, pulling, [and] lifting" for three weeks. J.A. 520. On May 13, 2005, the Army prepared a document entitled "Cadet Action Request for Medical Determination" with the following instructions:

> 1. Disenroll the cadet from the ROTC program under the provisions of AR 145-1, paragraph 3-43a(5). Disenrollment is due to chronic pain in hands and wrists, a medical condition which precludes appointment as a commissioned officer.
>
> 2. Discharge the cadet from the U.S. Army Reserve (USAR) (ROTC Control Group) without further obligation, with service uncharacterized in accordance with AR 135-178, paragraph 5-6d.

J.A. 141.

The University of Southern California Army ROTC program ordered Dr. Melson's "uncharacterized" discharge from the "USAR Control Group (ROTC)" effective May 13, 2005, with special instructions that he was "[m]edically disqualified for retention without further obligation." J.A. 142. While not directly relevant here, we note that Dr. Melson was later appointed as a commissioned officer in the U.S. Public Health Service in 2007, and at some point he received a 100% service-connected disability rating from the Department of Veterans Affairs.

In 2011, Dr. Melson first applied for correction of his military records to reflect a separation for physical disability with disability benefits. The Army Discharge Review Board, which is distinct from the Army Board for Correction of Military Records ("Board"), determined that his disenrollment from the ROTC program did not entitle him to disability benefits and that "his [uncharacterized] discharge was proper and equitable." J.A. 535, ¶ 20; *see also* S.Appx. 1–4. In 2013, Dr. Melson applied to the Correction Board seeking the same relief. The Board denied the requested correction in a decision dated November 20, 2014, finding that, while Dr. Melson was disenrolled from the ROTC program due to "a medical condition that precluded appointment as a commissioned officer," that did not entitle him to disability benefits, and that there was "no evidence the applicant had a disability causing him to be unfit to perform his military duties as an enlisted member." J.A. 540, ¶¶ 5–6. The Board found that the uncharacterized discharge was therefore correct. Dr. Melson requested reconsideration, and the Board again denied his application on January 14, 2016.

In 2017, Dr. Melson filed a complaint at the Claims Court seeking, *inter alia*, a discharge upgrade and associated benefits. The Claims Court dismissed for lack of jurisdiction and failure to state a claim. On appeal to this court, we affirmed the dismissal in most respects, but vacated and remanded for consideration of Dr. Melson's "disability retirement claim with respect to Melson's discharge from the Army Reserve." *Melson v. United States*, 780 F. App'x 885, 887 (Fed. Cir. 2019) (non-precedential). We expressed no view as to when a discharge from the Army Reserve occurred, or whether it was for disability. On remand, the Claims Court granted the government's motion for judgment on the administrative record.

Dr. Melson appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3). Following oral argument in this case, we ordered supplemental briefing.

DISCUSSION

"We review the grant or denial of a judgment on the administrative record without deference." *Sharpe v. United States*, 935 F.3d 1352, 1358 (Fed. Cir. 2019). Thus, we consider de novo whether the Board's decision complied with the Administrative Procedure Act ("APA"), that is, whether it was supported by substantial evidence and was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* (quoting 5 U.S.C. § 706(2)(A)); *see also Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed. Cir. 1986).

The supplemental briefing in this case has clarified the issue before us. Dr. Melson agrees that his claim for disability compensation benefits is based solely on his discharge "from the Ar[m]y Reserve, not the California Army National Guard," which he joined on August 23, 2004, in order to participate in the ROTC program. Supp. Br. for Plaintiff-Appellant 6. He contends that he was discharged from the Army Reserve on May 13, 2005, the same day as his discharge from the CAARNG and the ROTC program, and that his discharge from the Army Reserve entitled him to disability compensation.

The Board found otherwise, explaining that Dr. Melson received an "honorable discharge from the USAR effective 23 August 2004" because he had "request[ed] release from the USAR in order to enlist into the CAARNG," the California Army National Guard, J.A. 211, ¶¶ 11, 13, and that he was later discharged "from the [CA]ARNG effective 13 May 2005 with an uncharacterized discharge." J.A. 212, ¶ 15(b).[2]

---

2    The Board recognized that the CAARNG discharge was later made effective October 3, 2005, because Dr. Melson continued to participate in CAARNG activities until

Although the Claims Court stated that "the Reserve discharged Melson effective May 13, 2005," J.A. 3 (emphasis added), perhaps implying that he was discharged from the Army Reserve on that date, the Claims Court does not make findings of fact in cases such as this. Our review of the Board's findings of fact is for substantial evidence, and we owe no deference to any possible contrary conclusion by the Claims Court. We determine that substantial evidence supports the Board's conclusion that Dr. Melson was discharged from the Army Reserve at his own request in 2004. There is no claim that the 2004 discharge entitled him to disability benefits. Specifically, Dr. Melson's 2004 discharge orders stated that he was discharged from the "United States Army Reserve" with an effective date of "23 August 2004" and that his "enlistment in, or assignment to, the USAR on 2002[-]09[-]30 was terminated on the effective date of this order as a result of [his] immediate reenlistment in the NATIONAL GUARD [(CAARNG)] on 2004[-]08[-]23." J.A. 504.

Dr. Melson raises two primary arguments against this conclusion, but neither is persuasive. First, he contends that his release from the Army Reserve in 2004 was simply a release from normal Army Reserve duties to enable him to participate in the ROTC program, and that he was discharged from both the Army Reserve and the CAARNG on the same day that he was disenrolled from ROTC/SMP (May 13, 2005). Dr. Melson's theory before the Board was based only on his "discharge from the California Army National Guard," not the Army Reserve, and there is a substantial question if this new simultaneous discharge argument was forfeited by his failure to present it to the Board. J.A. 206.

---

October 2005. This did not change his disenrollment from the ROTC program.

Even assuming that this argument is preserved, we think substantial evidence supports the Board's finding that he was discharged from the Army Reserve in 2004. From 2004 to 2005, Dr. Melson was enrolled in the ROTC/SMP, which the regulations state is a "dual-status program that requires Reserve Component enlisted status and ROTC participation." J.A. 213, ¶ 26. The Reserve Component status can be satisfied by enrollment in either the Army Reserve or the CAARNG. Under Army regulations, an ROTC/SMP cadet "will be assigned to troop units of the [Army National Guard] or USAR." S.Appx. 64 (Army Reg. 145–1, ¶ 3–17 (July 22, 1996)). The record supports that Dr. Melson served in the former category as a member of the CAARNG. A memorandum from the CAARNG prepared at the time of his ROTC enrollment states that he enlisted in the "the CA ARNG as an SMP Cadet," and, in order to allow this, the Army Reserve discharged him as an enlisted soldier. J.A. 505. The paperwork prepared by the Army Reserve surrounding his 2004 ROTC enrollment supports the Board's view; it states that Dr. Melson was discharged from the Army Reserve "as a result of [his] immediate reenlistment in the NATIONAL GUARD." J.A. 504. Accordingly, the Board could reasonably conclude that his discharge from the Army Reserve occurred in 2004.

Next, Dr. Melson argues that contemporaneous documents support his theory. He primarily cites to CAARNG orders that refer to his discharge in 2005 "from the Army National Guard and as a reserve of the Army," but those orders were issued "by order of the [G]overnor [of California]" and not by the Army Reserve. J.A. 143. He also cites to his ROTC discharge memorandum prepared by the Army Reserve, but that document is clear that Dr. Melson was to be disenrolled as an ROTC cadet, describing this as a discharge "from the U.S. Army Reserve (USAR) (ROTC Control Group)." J.A. 141. The discharge order that accomplished his disenrollment, which was prepared by a

Professor of Military Science, was itself only concerned with Dr. Melson's discharge from the "Army ROTC, University of Southern California." J.A. 142. On their face, the documents refer to discharge or disenrollment from the ROTC program, not the Army Reserve program for enlisted personnel. The Board could reasonably conclude that this order did not refer to release from the Army Reserve, but rather from the ROTC. Because Dr. Melson acknowledges that his entitlement to benefits depends on a medical discharge from the Army Reserve for disability and his 2004 discharge from the Army Reserve was not disability related, his claim was correctly dismissed by the Board.

The Claims Court properly granted judgment on the administrative record in favor of the government.

**AFFIRMED**

COSTS

No costs.